**KRAVET & VOGEL, LLP**
1040 Avenue of the Americas, Suite 1101
New York, New York 10018

Donald J. Kravet (DK-2772)
Tel: (212) 997-7634
Fax: (212) 997-7686

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
For Sale By Owner Magazine, Inc., and :
Barbara Mallires and Steve Mallires formerly d/b/a :
Worthington Publishing, :
                             Plaintiffs, :
               - against -                :
ForSaleByOwner.com Corp. :
                             Defendant. :
--------------------------------------------------------------------x

ECF CASE

**REPLY TO COUNTERCLAIMS**

08 cv 0570 (DAB)

      Plaintiffs For Sale By Owner Magazine, Inc. ("Magazine"), and Barbara Mallires and Steve Mallires, formerly doing business as Worthington Publishing ("Plaintiffs"), by their attorneys Kravet & Vogel, LLP, hereby reply to the Counterclaims alleged against Plaintiffs by defendant ForSaleByOwner.com Corp. in its Answer, dated March 12, 2008 (the "Counterclaims"), as follows:

      1.     Paragraph 1 of the Counterclaims does not allege any facts and, accordingly, no responsive pleading is required.

      2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Counterclaims.

3. Admit the allegations set forth in Paragraph 3 of the Counterclaims.

4. Admit the allegations set forth in Paragraph 4 of the Counterclaims.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Counterclaims, except admit that FSBO has entered into an agreement with Plaintiffs who are assigned a dedicated "Sub-Site" to the FSBO site.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Counterclaims, except admit that a dedicated Sub-Site for the Detroit, Michigan area does exist, and that fees for Advertising Packages purchased on the Sub-Site are supposed to be paid directly by the purchaser of the Advertising Package to the local publisher.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Counterclaims.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Counterclaims, except admit that Magazine obtained a Sub-Site to the FSBO Site and uses the FSBO Mark, and that Magazine pays certain fees to FSBO.

9. Deny the allegations set forth in paragraph 9 of the Counterclaims, except admit that on August 23, 2001 FSBO and Barbara and Steve Mallires d/b/a Worthington Publishing entered into a License Agreement, and that on June 29, 2005 FSBO and Magazine entered into a Listing Agreement and that Barbara and Steve Mallires are not parties to the Listing Agreement.

10. Admit the allegations set forth in paragraph 10 of the Counterclaims.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Counterclaims, except admit that Magazine uses the FSBO Mark and FSBO brand on its Sub-Site and in its print publication, and that Magazine pays FSBO certain fees for the listings posted on the FSBO Site, which fees have ranged between $15 to $20 per listing.

12. Respectfully refer the Court to the original of the document referenced in paragraph 12 of the Counterclaims for its actual content, true meaning and legal effect.

13. Respectfully refer the Court to the original of the document referenced in paragraph 13 of the Counterclaims for its actual content, true meaning and legal effect.

14. Deny the allegations set forth in paragraph 14 of the Counterclaims.

15. Deny the allegations set forth in paragraph 15 of the Counterclaims.

16. Admit the allegations set forth in paragraph 16 of the Counterclaims.

17. Deny the allegations set forth in paragraph 17 of the Counterclaims.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Counterclaims.

19. Deny the allegations set forth in paragraph 19 of the Counterclaims, except admit that Plaintiffs' position is that when the Listing Agreement is

terminated, Magazine will have the right to post nationwide seller listings on the FSBO Site.

20. Admit the allegations set forth in paragraph 20 of the Counterclaims.

21. Deny the allegations set forth in paragraph 21 of the Counterclaims.

22. Deny the allegations set forth in paragraph 22 of the Counterclaims, except admit that, FSBO is mentioned in Magazine's latest print publication (February 22 - March 21, 2008 Edition) on pages 4 and 5 only, and that the print publication is named HomesByOwner.com and HomesByOwner.com is promoted in the print publication.

23. Deny the allegations set forth in paragraph 23 of the Counterclaims.

## AS AND FOR PLAINTIFFS' REPLY TO THE FIRST COUNTERCLAIM

24. Repeat and reallege each and every reply to paragraphs 1 through 23 of the Counterclaims as if fully set forth herein.

25. Deny the allegations set forth in paragraph 25 of the Counterclaims and respectfully refer the Court to the original of the document referenced therein for its actual content, true meaning and legal effect.

26. Deny the allegations set forth in paragraph 26 of the Counterclaims, except admit that FSBO is mentioned in Magazine's latest print publication (February 22 - March 21, 2008 Edition) on pages 4 and 5 only, and that the print publication is named HomesByOwner.com and HomesByOwner.com is promoted in the print publication.

27. Deny the allegations set forth in paragraph 27 of the Counterclaims.

28.   Deny the allegations set forth in paragraph 28 of the Counterclaims.

## AS AND FOR PLAINTIFFS' REPLY TO THE
## SECOND COUNTERCLAIM

29.   Repeat and reallege each and every reply to paragraphs 1 through 28 of the Counterclaims as if fully set forth herein.

30.   Paragraph 30 of the Counterclaims states a legal conclusion for which no response is necessary, however, to the extent a response is required, deny the allegations set forth in paragraph 30 of the Counterclaim.

31.   Deny the allegations set forth in paragraph 31 of the Counterclaims.

32.   Deny the allegations set forth in paragraph 32 of the Counterclaims, except admit that FSBO is mentioned in Magazine's latest print publication (February 22 - March 21, 2008 Edition) on pages 4 and 5 only, and that the print publication is named HomesByOwner.com and HomesByOwner.com is promoted in the print publication.

33.   Deny the allegations set forth in paragraph 33 of the Counterclaims.

34.   Deny the allegations set forth in paragraph 34 of the Counterclaims.

## AS AND FOR PLAINTIFFS' REPLY TO THE
## THIRD COUNTERCLAIM

35.   Repeat and reallege each and every reply to paragraphs 1 through 34 of the Counterclaims as if fully set forth herein.

36.   Deny the allegations set forth in paragraph 36 of the Counterclaims, except admit that plaintiffs seek a declaratory judgment.

37.   Deny the allegations set forth in paragraph 37 of the Counterclaims, except admit that prior to its termination the Listing Agreement grants Magazine

the right to post seller listings from its Territory on its Sub-Site for $15 to $20 per listing, and that upon termination, the Listing Agreement gives Magazine the right to continue to post listings on the FSBO Site for three (3) more years without geographic restriction.

      38.     Deny the allegations set forth in paragraph 38 of the Counterclaims.

      39.     Deny the allegations set forth in paragraph 39 of the Counterclaims.

### AS AND FOR PLAINTIFFS' REPLY TO THE
### FOURTH COUNTERCLAIM

      40.     Repeat and reallege each and every reply to paragraphs 1 through 39 of the Counterclaims as if fully set forth herein.

      41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Counterclaims.

      42.     Deny the allegations set forth in paragraph 42 of the Counterclaims.

      43.     Deny the allegations set forth in paragraph 43 of the Counterclaims, except admit that Magazine's Sub-Site bears the FSBO Mark and FSBO Brand.

      44.     Deny the allegations set forth in paragraph 44 of the Counterclaims, except admit that Magazine has named its print publication HomesByOwner.com, and that Magazine lists HomesByOwner.com as one of the "Top FSBO Sites" on page 5 of the latest issue of its print publication (February 22 - March 21, 2008 Edition).

      45.     Deny the allegations set forth in paragraph 45 of the Counterclaims.

      46.     Deny the allegations set forth in paragraph 46 of the Counterclaims.

      47.     Deny the allegations set forth in paragraph 47 of the Counterclaims.

      48.     Deny the allegations set forth in paragraph 48 of the Counterclaims.

49.   Deny the allegations set forth in paragraph 49 of the Counterclaims.

## AS AND FOR PLAINTIFFS' REPLY TO THE
## FIFTH COUNTERCLAIM

50.   Repeat and reallege each and every reply to paragraphs 1 through 49 of the Counterclaims as if fully set forth herein.

51.   Admit the allegations set forth in paragraph 51 of the Counterclaims.

52.   Deny the allegations set forth in paragraph 52 of the Counterclaims.

53.   Deny the allegations set forth in paragraph 53 of the Counterclaims, except admit that prior to its termination the Listing Agreement grants Magazine the right to post seller listings from its Territory on its Sub-Site for $15 to $20 per listing, and respectfully refer the Court to the original of the Listing Agreement for its actual content, true meaning and legal effect.

54.   Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 54 of the Counterclaims.

55.   Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 55 of the Counterclaims.

56.   Deny the allegations set forth in paragraph 56 of the Counterclaims.

57.   Deny the allegations set forth in paragraph 57 of the Counterclaims.

58.   Deny the allegations set forth in paragraph 58 of the Counterclaims.

59.   Deny the allegations set forth in paragraph 59 of the Counterclaims.

60.   Deny the allegations set forth in paragraph 60 of the Counterclaims.

## AS AND FOR PLAINTIFFS' REPLY TO THE
## SIXTH COUNTERCLAIM

61.  Repeat and reallege each and every reply to paragraphs 1 through 60 of the Counterclaims as if fully set forth herein.

62.  Admit the allegations set forth in paragraph 62 of the Counterclaims.

63.  Deny the allegations set forth in paragraph 63 of the Counterclaims.

64.  Deny the allegations set forth in paragraph 64 of the Counterclaims, except admit that prior to its termination the Listing Agreement grants Magazine the right to post seller listings from its Territory on its Sub-Site for $15 to $20 per listing.

65.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Counterclaims.

66.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Counterclaims.

67.  Deny the allegations set forth in paragraph 67 of the Counterclaims.

68.  Deny the allegations set forth in paragraph 68 of the Counterclaims.

69.  Deny the allegations set forth in paragraph 69 of the Counterclaims.

70.  Deny the allegations set forth in paragraph 70 of the Counterclaims.

71.  Deny the allegations set forth in paragraph 71 of the Counterclaims.

## AS AND FOR PLAINTIFFS' REPLY TO THE
## SEVENTH COUNTERCLAIM

72. Repeat and reallege each and every reply to paragraphs 1 through 71 of the Counterclaims as if fully set forth herein.

73. Admit the allegations set forth in paragraph 73 of the Counterclaims.

74. Deny the allegations set forth in paragraph 74 of the Counterclaims.

75. Deny the allegations set forth in paragraph 75 of the Counterclaims, except admit that prior to its termination the Listing Agreement grants Magazine the right to post seller listings from its Territory on its Sub-Site for $15 to $20 per listing.

76. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 76 of the Counterclaims.

77. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 77 of the Counterclaims.

78. Deny the allegations set forth in paragraph 78 of the Counterclaims.

79. Deny the allegations set forth in paragraph 79 of the Counterclaims.

80. Deny the allegations set forth in paragraph 80 of the Counterclaims.

81. Deny the allegations set forth in paragraph 81 of the Counterclaims.

82. Deny the allegations set forth in paragraph 82 of the Counterclaims or that FSBO is entitled to any relief sought.

83. To the extent an allegation in the Counterclaims has not been responded to, it is hereby denied.

**FIRST AFFIRMATIVE DEFENSE**

Defendant's counterclaims fail to state a claim upon which relief can be granted against Plaintiffs.

**SECOND AFFIRMATIVE DEFENSE**

Defendant's counterclaims are barred, in whole or in part, by any failure on its part to use reasonable care to minimize or mitigate its alleged damages.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's counterclaims are barred by its consent/license to the actions complained of in the Counterclaims, as well as by the doctrines of estoppel, waiver, and laches.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's counterclaims are barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's damages claims should be dismissed or barred as unduly speculative and/or hypothetical.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant has not suffered any damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant's counterclaims, in whole or in part, are not ripe for judicial determination.

**TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES RAISED BY
DEFENDANT'S COUNTERCLAIMS**

**WHEREFORE**, Plaintiffs respectfully request that the Counterclaims be dismissed in their entirety, and that the Court grant such other and further relief as deemed just and proper.

Dated:  New York, New York
        March 27, 2008

                                        KRAVET & VOGEL, LLP
                                        *Attorneys for Plaintiffs*


                                        By:__s/_____
                                            Donald J. Kravet (DK 2772)
                                            A Member of the Firm

                                        1040 Avenue of the Americas,
                                         Suite 1101
                                        New York, New York 10018
                                        Tel.:  (212) 997-7634
                                        Fax:   (212) 997-7686